**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| CORNELIOUS E. DEGEFFERD,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM FORGE, IM VACARE, BROWN, and JANE DOE,<br><br>Defendants. | CAUSE NO. 2:26-CV-11-TLS-JEM |

**OPINION AND ORDER**

Cornelious E. Degefferd, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Degefferd, who is currently incarcerated at the Westville Correctional Facility, complains about events that happened at the Lake County Jail. He alleges he has a chronic condition that involves "nerve in my feets, hernated disc in my back, and 3 ligement tore in my lef knee." ECF 1 at 2 (verbatim). He also was involved in a serious, pre-incarceration car accident that resulted in his right knee being "bone on bone." *Id*. He is wheelchair bound due to his issues. He says Dr. William Forge—the Director of Health Care at the Lake County Jail—has known about his conditions but has chosen not to treat them. Specifically, Degefferd has been denied an "orthopedic specialist for surgery" and Dr. Forge keeps prescribing Gabapentin, even though

Degefferd told him it doesn't work. *Id*. Degefferd says his condition has worsened due to Dr. Forge's refusal to treat him.

Additionally, in November 2025, Degefferd suffered a transient ischemic attack which caused "numbness, tingling, pin and needles, slur speech, double vision, sharp pain running from my shoulder that ran down my left side effecting my thigh knee calf and feet a lost of balance." *Id*. at 3 (verbatim). He sent a request to medical but received no response. Degefferd states, "I've complaint but have not receive any chronic care treatment in the following area feet, knees, lower back, hands, boys I remain in serious pain and suffering." *Id*. (verbatim). Degefferd has sued Dr. Forge, IM Vacare, Jane Doe, and Warden Brown for injunctive relief to "answer all sick call and treat serious medical condition with specialist professional . . . ." *Id*. at 4. After he filed this complaint, Degefferd was transferred to the Westville Correctional Facility. ECF 4.

"If a prisoner is transferred to another prison [or released from custody], his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (internal quotation marks and citation omitted). "Allegations of a likely retransfer may not be based on mere speculation" and are generally only deemed "capable-of-repetition" if a plaintiff makes a "reasonable showing that he will again be subject to the alleged illegality." *Id*. (citations omitted). "For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated. *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) (citations omitted). "In an action seeking only injunctive relief, this requirement ordinarily means that, once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot." *Id*. (citation omitted).

Degefferd's notice of change of address (ECF 4) makes it clear he has been transferred to the Westville Correctional Facility. Furthermore, the publicly available state court docket shows he was sentenced on September 18, 2025, to a term of four years in the Indiana Department of Correction (with 236 days jail credit) pursuant to a probation revocation. *See* https://public.courts.in.gov/mycase (last visited Aug. 11, 2026). Based on this information, it cannot be plausibly inferred Degefferd will be retransferred to the Lake County Jail. Thus, because this case seeks only injunctive relief, it has become moot and must be dismissed for lack of subject matter jurisdiction. *See, e.g., E.F.L. v. Prim*, 986 F.3d 959, 962 (7th Cir. 2021).

For these reasons, this case is DISMISSED for lack of subject matter jurisdiction.

SO ORDERED on August 13, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT